IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-422-BO

| | |
|---|---|
| WELLS FARGO BANK, N.A., | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )  O R D E R |
| | ) |
| CHARLES AZIZ FARAG, et al., | ) |
| | ) |
| Appellees. | ) |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

This matter comes before the Court on appeal from the Bankruptcy Court for the Eastern District of North Carolina's order of August 18, 2015, denying appellant's motion to set aside and/or modify prior order. For the reasons discussed below, the decision to deny the motion for to set aside and/or modify prior order is hereby AFFIRMED.

BACKGROUND

On November 26, 2002, Susan Farag and Charles Aziz Farag ("debtors") obtained a line of credit with Wells Fargo, secured by a deed of trust on property located at 633 Pendleton Lake Road in Raleigh, North Carolina ("the Property"). The debtors refinanced the Property with PNC Bank ("PNC") on or about December 28, 2004. During that process, Wells Fargo notified PNC's counsel by letter that the debtors' line of credit had been frozen, and that the amount due to pay off the obligation was $284,502.51. The Wells Fargo letter to PNC included the following heading: "Response to your request to payoff and close this revolving line of credit," and recited the loan identification number related to the Wells Fargo line of credit. The PNC attorney and

the debtors transmitted $285,082.11 to Wells Fargo via letter that likewise bore the loan identification number related to the Wells Fargo line of credit and requested that the Wells Fargo note and deed of trust be marked satisfied and returned to PNC's counsel for recording. However, Wells Fargo never marked the deed of trust satisfied and the debtors' line of credit remained open. After the closing on the PNC loan and payment to Wells Fargo, the debtors continued to take advances totaling over $300,000.00 on the line of credit.

On March 29, 2012, the debtors filed a voluntary petition seeking relief under chapter 13 of the Bankruptcy Code. On May 9, 2012, and February 12, 2013, PNC filed proofs of claim in the amounts of $64,970.51 and $475,924.81 from an equity line of credit and a promissory note, respectively, both secured by the debtors' residence. On June 24, 2012, Wells Fargo filed a secured proof of claim in the amount of $307,530.84 for a debt arising from the line of credit secured by the Property.

PNC filed a Motion for Relief from Stay on October 4, 2012 (hereinafter "Stay Motion"). The Stay Motion sought authority to foreclose and to cancel Wells Fargo's deed of trust on the Property. The Stay Motion was electronically served on the debtors, the debtors' attorney, the trustee, and Sean Corcoran, a lawyer with the firm of Brock & Scott, PLLC, as the attorney for Wells Fargo. Mr. Corcoran had filed a Notice of Appearance as counsel for Wells Fargo on April 5, 2012. Responses to PNC's Stay Motion were due by October 22, 2012; none were filed and an order ("Stay Order") was entered without hearing on November 7, 2012, by Bankruptcy Judge J. Rich Leonard, granting stay relief and cancelling the Wells Fargo deed of trust.

A certified copy of the Stay Order was recorded in the Wake County Register of Deeds on January 9, 2013. On or about April 23, 2013, the trustee filed his Final Report and Account, which indicated that Wells Fargo's claim in the amount of $307,530.84 had been "surrendered."

The Final Report and Account was served on Mr. Corcoran, the Wells Fargo Home Equity Group, Wells Fargo Bankruptcy Department (Des Moines, Iowa), Wells Fargo Bankruptcy Department (Fort Mill, South Carolina), Wells Fargo Operations Center, Wells Fargo Home Equity, and Wells Fargo Home Mortgage on April 24, 2013. Again, there were no objections made, and the debtors received their discharge on May 1, 2013. The bankruptcy case was closed and a final decree was entered on May 29, 2013.

After the case was closed, PNC initiated foreclosure proceedings on the Property and on or about June 30, 2014, it was sold at foreclosure sale to AMH Roman Two NC, LLC ("AMH"). Sean Corcoran's law firm, Brock & Scott, PLLC, acting as counsel for the foreclosure trustee, prepared the Substitute Trustee's Deed that conveyed the Property to AMH pursuant to the foreclosure sale.

On December 30, 2014, Wells Fargo filed a motion to reopen the proceeding, which was granted on January 26, 2015. On February 11, 2015, Wells Fargo filed a motion requesting that the Bankruptcy Court set aside the Stay Order entered on November 7, 2012, pursuant to Rule 60(b)(4) and (6) of the Federal Rules of Civil Procedure.

A hearing was held in the matter in Raleigh, North Carolina, on May 20, 2015 before United States Bankruptcy Court Judge Catherine R. Aron. Bankruptcy Judge Aron issued an order denying Wells Fargo's motion to set aside and/or modify prior order on August 18, 2015. [DE 1-1]. In the order, Bankruptcy Judge Aron declined to review the merits of the Stay Order, instead deciding the matter on threshold standards accompanying Rule 60, specifically that Wells Fargo's motion was untimely and that there would be great prejudice against AMH should the motion be allowed. Wells Fargo appealed the order to this Court.

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals...from final judgments, orders, and decrees...of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a). On appeal, a Bankruptcy Court's findings of fact shall not be set aside unless clearly erroneous and legal conclusions are reviewed *de novo*. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007).

Here, appellant claims that the Bankruptcy Court made an error of law in denying the motion to set aside and/or modify the prior order, so the decision is reviewed *de novo*.

## DISCUSSION

At issue on appeal is whether the bankruptcy judge was correct in declining to reach the merits of Wells Fargo's motion. The Court, having considered the issues *de novo*, finds that the decision not to reach the merits of the motion was correct, although on somewhat different grounds. For that reason, the Court affirms the decision of the Bankruptcy Court.

I.    Relief Requested Under Rule 60(b)(4)

In this circuit, it is well-settled that, when reviewing judicial proceedings, "if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason." *Helvering v. Gowran*, 302 U.S. 238, 245-246 (1937) (collecting cases). The Court of Appeals has applied this principle in reviewing bankruptcy cases before it on appeal from a District Court's decision. *See Anderson & Assocs. PA v. S. Textile Knitters De Hond. Sewing Inc. (In re S. Textile Knitters)*, 65 Fed. Appx. 426, 436-437 (4th Cir. 2003); *County Fuel Co. v. Equitable Bank Corp.*, 832 F.2d 290, 294 (4th Cir. 1987) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (U.S. 1943)). Moreover, other courts in this district have applied

this principle to the scenario in the instant case, holding that "[t]he [district] court may affirm the bankruptcy court on any ground supported by the record." *LeCann v. Cobham (In re Cobham)*, 2015 U.S. Dist. LEXIS 173791, *14-15 (E.D.N.C. Dec. 7, 2015) (quoting *Helvering*, 302 U.S. at 58). Accordingly, the Court finds that it is at liberty to affirm the decision of the Bankruptcy Court on slightly different grounds. The Court adopts the rationale that "[i]t would be wasteful to send a case back to a lower court to reinstate a decision which it had already made but which the appellate court concluded should properly be based on another ground within the power of the appellate court to formulate." *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943).

Here, appellants argue that the threshold requirements analyzed by the bankruptcy judge—including timeliness and prejudice to the other party—do not apply to a motion for relief under Rule 60(b)(4). Instead, appellants request that this Court determine whether "the rendering court lacked personal jurisdiction, subject matter jurisdiction, or acted in a manner inconsistent with due process of law," as these are the grounds on which an order may be considered void under Rule 60(b)(4). *See Garcia Fin. Grp., Inc. v. Va. Accelerators Corp.*, 3 Fed. Appx. 86, 88 (4th Cir. 2001) (unpublished). The Court notes that whether the threshold considerations apply is a distinction without a difference in the instant matter, as Wells Fargo's arguments that the Bankruptcy Court lacked subject matter jurisdiction and violated due process both fail.

First, the Court will address the subject matter jurisdiction issue. As a foundational matter, "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments" subject to district court review. 28 U.S.C. § 157(b). "Core proceedings include . . . determinations of the validity, extent, or priority of liens." *Id.* at (b)(2)(K). Core matters also include "other proceedings affecting the liquidation of the assets of

the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims. . . ." *Id.* at (b)(2)(O). As the Stay Order concerned the validity, extent, or priority of a lien, the Court finds that there was subject matter jurisdiction for the Stay Order. *See In re Atlas Fire Apparatus, Inc.*, 56 B.R. 927, 934 (Bankr. E.D.N.C. 1986).

The Court also finds that the reference to a state statute in the Stay Motion by no means divests the Bankruptcy Court of subject matter jurisdiction. 28 U.S.C. § 157(3) ("A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by state law."). Furthermore, Wells Fargo's argument that the bankruptcy rules require that a proceeding to determine a lien's validity, priority, or extent must be brought as an adversary proceeding does not prevail as the Supreme Court has held that that requirement derives from the bankruptcy rules, which are "procedural rules adopted by the Court for the orderly transaction of business that are *not jurisdictional*." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271–72 (2010) (emphasis added) (internal quotation marks omitted) (internal citations omitted). For all these reasons, the Court finds without hesitation that this is not a "rare instance of a clear usurpation of power" where there is "a total want of jurisdiction and no arguable basis on which it [could rest] a finding that [the Bankruptcy Court] had jurisdiction." *Wendt v. Leonard*, 431 F.3d 410, 413 (4th Cir. 2005) (internal quotation marks omitted) (internal citations omitted). Accordingly, the Court finds that Wells Fargo's subject matter jurisdiction argument fails.

Next, the Court considers whether Wells Fargo suffered a due process violation and finds that it did not. Wells Fargo contends that the fact that the Stay Motion was not brought as an adversary proceeding and the notice of the Stay Motion both violated due process. The

touchstone for these issues is the Supreme Court holding that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15 (1950).

As to the form of the motion claim, *Espinosa* is again instructive. In *Espinosa*, the Supreme Court found that United had been denied "a right granted by a procedural rule" when it did not receive a summons and complaint. *Espinosa*, 559 U.S. at 272. The Court went on to hold that "United could have timely objected to this deprivation and appealed from an adverse ruling on its objection. But this deprivation did not amount to a violation of United's constitutional right to due process" because all that was required was the familiar standard of "notice reasonably calculated." *See id.* In *Espinosa*, that notice reasonably calculated was actual notice; here, the notice reasonably calculated was notice received in the form Wells Fargo agreed to, as discussed *infra*. Wells Fargo was provided notice and an opportunity to be heard; the fact that it did not avail itself of that opportunity does not equate to a due process violation.

As to the sufficiency of service claim, Wells Fargo is objecting to both the form of the service (electronic) and the person to whom it was made (Sean Corcoran). Bankruptcy Rule 7004 states that "[s]ervice on an insured depository institution . . . in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless (1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail." Fed. R. Bankr. P. 7004(h)(1). As Bankruptcy Judge Aron found, "[o]n April 5, 2012, Sean Corcoran filed an unlimited Notice of Appearance for Wells Fargo." [DE 1-1; 12-1 at 4]. According to local rules, this notice of appearance "constitutes . . . waiver of the right to receive

notice or service by first class mail or personal delivery." E.D.N.C. LBR 5005-4(2). Thus, Wells Fargo was served in accordance with the method of service it agreed to receive: electronic service to Sean Corcoran. The Court finds that this certainly qualifies as notice reasonably calculated to apprise Wells Fargo of the pendency of the motion and provide an opportunity to be heard on any objections.

For the reasons discussed above, Bankruptcy Judge Aron was right not to reach the merits of the motion. The Court reaches the same conclusion, though on slightly different grounds, and thus affirms the decision of the Bankruptcy Court to deny the motion to set aside and/or modify the prior order on these grounds.

II.     Relief Requested Under Rule 60(b)(6)

Appellant concedes that, to prevail under Rule 60(b)(6), it must show (1) that its motion was timely; (2) that it has a meritorious defense; (3) that there is the absence of unfair prejudice; and (4) that there are exceptional circumstances. *Dowell v. State Farm Fire & Casualty Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks omitted). For several reasons, appellant cannot satisfy these requirements. As discussed above, the Court finds that Wells Fargo had notice of the Stay Order on November 7, 2012, and again via the Final Report and Account in April 2013, but did not file a motion under Rule 60 until more than two years later. Accordingly, Wells Fargo fails to show that its motion was timely. Moreover, unfair prejudice would certainly occur were relief granted at this point, as the property at issue has since been purchased by an innocent third party, AMH. Finally, appellant has not demonstrated that there are exceptional circumstances worthy of such an extraordinary remedy in this case, as seen most clearly by virtue of the fact that it took Wells Fargo over two years to realize that their lien had

8

been cancelled. Accordingly, the Court affirms the bankruptcy judge's decision to deny relief under Rule 60(b)(6) as well.

## CONCLUSION

For the foregoing reasons the order of the Bankruptcy Court on appeal in this matter is AFFIRMED. The clerk is DIRECTED to enter this order and to provide a copy of this order to the Bankruptcy Court for the Eastern District of North Carolina.

SO ORDERED, this 17 day of May, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE